UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Eric Leon Christian, | Case No.: 2:24-cv-00842-CDS-BNW |
| Plaintiff | **Order Denying Plaintiff's Motions and Unsealing Records** |
| v. | |
| United States of America, | [ECF Nos. 5, 7, 8, 9, 11, 12] |
| Defendant | |

There are four pending motions filed by plaintiff Eric Christian in this action: (1) a motion for demand of judgment (ECF No. 5); (2) a sealed ex parte motion for emergency habeas appeal (ECF No. 7); (3) an emergency motion for ex parte writ of attachment (ECF No. 9); and (4) a second motion for demand of judgment (ECF No. 12). As ordered on May 6, 2024 (ECF No. 3), and again on June 10, 2024 (ECF No. 13), Christian must file a complaint, and if appropriate, other paperwork before this action may proceed. Accordingly, the motions for demand of judgment are denied as premature. Christian is reminded that he must comply with the June 10, 2024 order. ECF No. 13.

Both of Christian's emergency motions are denied in part because neither motion complies with Local Rule 7-4, which sets forth the requirements for filing an emergency motion, which includes but is not limited to a declaration that sets forth the nature of the emergency. *See* LR 7-4. The emergency motion for habeas appeal is additionally denied because there is no pending petition for habeas relief, making this motion moot.

Further, Nevada law provides two procedural mechanisms through which a plaintiff may obtain a pre-judgment writ of attachment: a plaintiff may ask the court to issue a writ of attachment after notice and hearing on the grounds stated in Nevada Revised Statutes (NRS) 31.013 or may request that the court issue a writ of attachment without notice under the grounds

stated in NRS 31.017. Christian cites neither ground for seeking a writ of attachment, fails to include a proper application for the writ, and further fails to submit an affidavit meeting the requirements of NRS 31.020 in support of his motion. Thus, his emergency motion for ex parte writ of attachment is also denied on those grounds.

Finally, Christian has filed three documents under seal without seeking leave to do so. *See* ECF Nos. 7; 8; 11. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). To keep documents attached to non-dispositive motion under seal, a party need only show "good cause" under Federal Rule of Civil Procedure 26©. *Id.* at 1180. Here, Christian did not seek an order permitting his ex parte emergency habeas appeal or ex parte status updates to be filed under seal. Accordingly, those documents may not remain under seal and are hereby ordered unsealed.

**Conclusion**

For the reasons set forth herein, Christian's demand for judgment [ECF No. 5], ex parte emergency habeas appeal [ECF No. 7], emergency motion for ex parte writ of attachment [ECF No. 9], and demand for judgment [ECF No. 12] are **denied**.

The Clerk of Court is kindly instructed to unseal ECF Nos. 7, 8, and 11.

Dated: June 17, 2024

_____
Cristina D. Silva
United States District Judge

2