UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Eric Christian,<br><br>            Plaintiff<br><br>v.<br><br>United States of America,<br><br>            Defendant | Case No.: 2:24-cv-00842-CDS-BNW<br><br>**Order Declaring Plaintiff Eric Christian a Vexatious Litigant and Imposing a Prefiling Injunction, Adopting in Part the Magistrate Judge's Report and Recommendation, and Dismissing Case**<br><br>[ECF No. 19] |

On July 18, 2024, this court issued an order requiring plaintiff Eric Christian to show cause as to why he should not be declared a vexatious litigant and subject to a permanent pre-filing injunction. ECF No. 17. To date, Christian has failed to respond. Without a response, the court has no justification from Christian to explain his continuous filing of new actions, all while failing to comply with numerous court orders related to each already-pending action. Without sufficient justification, and in consideration of the record in this case and the voluminous records in numerous other cases that Christian has filed in this district, I believe it is appropriate to impose restrictions on Christian's ability to initiate cases in this district without first obtaining prior court approval, so I enter this vexatious litigant order.

I further adopt the report and recommendation (R&R, ECF No. 19) of Magistrate Judge Brenda Weksler to the extent it recommends dismissing this action. However, in light of the pre-filing order I now issue, I dismiss the complaint in this action with prejudice and kindly direct the Clerk of Court to close this case.

I.        **Legal Standard**

Federal district courts enjoy inherent authority to issue writs—including prefiling orders—to prevent vexatious litigants from filing frivolous lawsuits and abusing the judicial process. *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990); *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing 28 U.S.C. § 1651(a)). Prefiling orders are an extreme

remedy and should be granted only "after a cautious review of the pertinent circumstances." *Molski*, 500 F.3d at 1057. Before entering a prefiling order, the district court must provide notice and an opportunity to be heard to the party against whom the order is sought. *Id.* If the court imposes a prefiling order, it must set forth which cases and motions support its conclusion that the party's filings are so numerous or abusive that the party should be enjoined, make substantive findings as to the frivolous or harassing nature of the litigant's actions, and narrowly tailor the order to "fit the specific vice encountered." *Id.* (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)).

District courts considering imposing a pre-filing order on a vexatious litigant should consider four factors. *Id.* The first two requirements, "(1) notice and an opportunity to be heard and (2) the creation of an adequate record, are procedural considerations—that is, the factors define '[a] specific method or course of action' that district courts should use to assess whether to declare a party a vexatious litigant and enter a pre-filing order." *Id.* at 1057–58 (quoting Black's Law Dictionary 1241 (8th ed. 2004)). The latter two factors, requiring "(3) findings of frivolousness or harassment and (4) that the order be narrowly tailored to prevent the litigant's abusive behavior, are substantive considerations—that is, the factors help the district court define who is, in fact, a vexatious litigant." *Id.* at 1058. Those factors allow a district court to "construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." *Id.*

II.     Analysis

A review of the record demonstrates Christian's continuous abuse of the judicial process by filing meritless and repetitive actions. Having read the complaints in each action and after considering the five-factor balancing tests prescribed by *De Long* and *Safir*, I find Christian's litigation substantively frivolous and harassing. *De Long*, 912 F.2d at 1148; *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Thus, a narrowly tailored order prohibiting Christian from bringing additional suits in this district is appropriate.

A. Notice and opportunity to be heard

A district court may satisfy "the requirement of providing an opportunity to be heard by written submission rather than an oral or evidentiary hearing." *Windsor v. Boushie*, 677 F. App'x 311, 312 (9th Cir. 2017). Here, on July 18, 2024, Christian was warned that he was at risk of being declared a vexatious litigant, thus putting him on notice. Order, ECF No. 17. I gave Christian an opportunity to be heard and to oppose any restrictions before their imposition. *Id.* at 7 ("**I thus order him to show cause, in writing, by August 9, 2024, why he should not be deemed a vexatious litigant and barred from initiating future actions without first obtaining permission from the chief judge of this court**.") (emphasis in original). To date, Christian has failed to respond. The notice and opportunity to be heard requirement is satisfied.

B. Adequate record for review

On May 6, 2024, Christian was ordered to file a complaint by June 3, 2024, so his *in forma pauperis* (IFP) application could be properly screened. Order, ECF No. 3. That order also cautioned Christian that failure to comply with the order may result in dismissal of this case. *Id.* Christian failed to timely file a complaint. Instead, he filed a Demand for Judgment (ECF No. 5), an Ex Parte Emergency Habeas Appeal (ECF No. 7), an Emergency Motion for Ex Parte Writ of Attachment Ruling (ECF No. 9), and a second Demand for Judgment (ECF No. 12). On June 10, 2024, Judge Weksler issue a report and recommendation that each of Christian's aforementioned filings be denied without prejudice because he still had not filed a complaint, making the motions premature. R&R, ECF No. 13. The R&R also required that Christian file a complaint within thirty days[1] and further instructed that, to the extent he intends to assert a habeas claim, he must fill out and submit the correct form. *Id.* The deadline for Christian to object to that R&R was June 26, 2024. *Id.* at 1–2. Christian neither filed an objection nor asked

---

[1] Thirty days would have been July 10, 2024.

to extend the deadline to do so. He also failed to file a complaint by July 10, 2024.[2] To date, no complaint has been filed.

On July 18, 2024, I issued the order directing Christian to show cause as to why he should not be declared a vexatious litigant and subject to a permanent pre-filing injunction. Order, ECF No. 17. To date, he has not responded. On July 19, 2024, I adopted Judge Weksler's R&R.[3] Order, ECF No. 18. Therein, I also reminded Christian that he had until August 9, 2024, to respond in writing, showing why he should not be deemed a vexatious litigant and barred from initiating future actions without first obtaining permission from the chief judge of this court. *Id.* at 7. On July 22, 2024, Judge Weksler issued another R&R, recommending that I dismiss this action without prejudice for failing to file a complaint by the court-ordered deadline. *See* R&R, ECF No. 19. Christian had until August 5, 2024, to file any objections to that R&R. As of the date of this order, no objections nor motions to extend time to file objections have been filed.

Further, I consider the number of cases Christian has filed. Based on an analysis of the court's records, Eric Christian has initiated seven pro se lawsuits with the U.S. District Court for the District of Nevada in the last seven months, and approximately twelve additional actions since 2013.[4] Although pure volume alone cannot suffice to deem a litigant vexatious, the number

---

[2] Christian did file a document titled "Notice of Forfeiture Status Update" regarding separate criminal actions brought against him that was non-responsive to the R&R. *See* ECF No. 16.

[3] This order superseded an earlier-issued order denying the motions. I rescinded that order due to the court miscalculating the number of days Christian had to respond to the June 10, 2024, so that order was issued prematurely. *See* Min. Order, ECF No. 15. To avoid prejudice to Christian, I extended his time to respond to the R&R to June 26, 2024.

[4] *Christian v. United States District Court, et al.*, 2:13-cv-01361-MMD-CWH; *Christian v. United States of America*, 2:14-cv-01151-RFB-GWF; *Christian v. Mahan, et al.*, 2:15-cv-00279-JAD-CWH; *Christian v. Leavitt, et al.*, 2:15-cv-00303-GMN-GWF; *Christian v. Hoye*, 2:15-cv-00305-RCJ-GWF; *Christian v. United States of America, et al.*, 2:16-cv-00319-MMD-VCF; *Christian v. United States of America*, 2:17-cv-00075-JAD-VCF; *Christian v. Sheriff, et al.*, 2:17-cv-01518-JCM-CWH; *Christian v. Lombardo, et al.*, 2:17-cv-01707-RFB-DJA; *Christian v. Lombardo, et al.*, 2:17-cv-01709-JCM-PAL ; *Christian v. Hoye, et al.*, 2:19-cv-00364-RFB-EJY; *Christian v. Honea, et al.*, 2:19-cv-00476-APG-VCF; *Christian v. USA*, 2:19-cv-02250-JAD; *Christian v. United States of America*, 2:23-cv-01300-JAD-NJK; *Christian v. Frierson*, 2:24-cv-00527-APG-MDC; *Christian v. Frierson*, 2:24-cv-00529-RFB-EJY; *Christian v. United States of America*, 2:24-cv-00836-GMN-DJA; *Christian v. United States America*, 2:24-cv-

of cases filed is a factor indicating a party's motive to harass. *Moy*, 906 F.2d at 470 ("The plaintiff's claims must not only be numerous, but also be patently without merit."). A review of the claims themselves indicates that Christian files frivolous and meritless matters against entities, persons, or both, that do not state a claim upon which relief can be granted. He initiates the actions without filing a complaint, ignores court orders directing him to file a complaint, or fails to file the proper initiating paperwork for any other types of actions (e.g., a petition for Writ of Habeas Corpus), which results in the court dismissing the action after providing Christian with the necessary information to properly initiate the case. *See, e.g., Christian v. United States*, 2:17-cv-00075-JAD-VCF (case dismissed after the judge warned Christian that he needed to complete an *in forma pauperis* application and he failed to do so); 2:17-cv-01518-JCM-CWH (case dismissed after Christian filed a petition for Writ of Habeas Corpus without using the form approved by the court); *Christian v. Lombardo, et al.*, 2:17-cv-01709-JCM-PAL (case dismissed after Christian failed to use the court's forms to commence the action); *Christian v. United States*, 2:23-cv-01300-JAD-NJK (case dismissed after Christian was given numerous opportunities to amend and correct deficiencies, with the District Judge noting that Christian has a long history of filing similar frivolous demands for judgment and writs of execution in this court).

Several of the actions brought by Christian have been dismissed as frivolous, as meritless, or for bringing a new action in an attempt to circumvent dismissal of other of his cases. *See e.g., Christian v. Leavitt, et al.*, 2:15-cv-00303-GMN-GWF (case dismissed after the magistrate judge issued an R&R lamenting that the complaint was nothing more than Christian's attempt to avoid the court's recommendation that one of his prior cases, 2:14-cv-1151-RFB-GWF, be dismissed with prejudice); 2:19-cv-02250-JAD (Christian commenced an action requesting $20,000,000,000, which the court dismissed as procedurally defaulted, meritless, and incoherent); *Christian v. United States*, 2:23-cv-01300-JAD-NJK (district judge noting that

---

00839-JAD-DJA; *Christian v. United States of America, et al.*, 2:24-cv-00848-JAD-MDC; *Christian v. United States of America*, 2:24-cv-00849-RFB-DJA.

Christian has a long history of filing similar frivolous demands for judgment and writs of execution in this court); *Christian v. Frierson*, 2:24-cv-00529-RFB-EJY (pending R&R recommending dismissal with prejudice because the defendant has absolute immunity and Christian did not file a complaint, with the magistrate judge describing Christian's writs as "frivolous" and "based on a delusional factual scenario"). Recently, Christian initiated the action with several blank forms, including forms from the Ninth Circuit. *Christian v. United States*, 2:24-cv-00836-GMN-DJA at ECF Nos. 1-1–1-5. He later filed a notice of voluntary dismissal, claiming that the clerk started the case without his knowledge and accused the clerk of committing identity theft in starting the case.[5] *Id.* at ECF No. 4.

In total, all twenty cases have been dismissed, many of which for failing to comply with court orders. *See* List of Christian's Cases, Ex. A to this order.

**C. Frivolous or harassing nature of plaintiff's litigation**

This circuit has adopted a five-factor standard which "provides a helpful framework" for determining whether the plaintiff's litigation has been frivolous or harassing. *Molski*, 500 F.3d at 1058 (citing *Safir*, 792 F.2d at 24). That standard includes: (1) "the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative suits"; (2) "the litigant's motive in pursuing the litigation" and "whether the litigant had a good faith expectation of prevailing"; (3) "whether the litigant is represented by counsel"; (4) "whether the litigant has caused unnecessary expense to the parties or placed a needless burden on the courts"; and (5) "whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24. Here, all five factors weigh in favor of a finding of frivolousness and harassment.

   1. *History of litigation*

There are similarities between many of Christian's cases. The majority of his actions center around his belief that he is entitled to large sums of money as a result of his conviction in

---

[5] But then, he later filed a motion to strike his voluntary dismissal alleging it was inaccurate. *United States v. Christian*, 2:24-cv-00836-GMN-DJA at ECF No. 6.

a 2009 criminal case in this District.[6] For example, he recently filed a "Judgment in a Civil Action" in his criminal case, seeking a $2,000,000,000 judgment against the United States. *United States of America v. Christian*, 2:09-cr-00303-JAD-VCF at ECF No. 520. In *Christian v. United States of America*, Christian filed a § 1983 action, seeking $10,000,000 in damages, against the judges who presided over his 2009 criminal case.[7] *See* Compl., *Christian v. United States of America*, 2:13-cv-01361-MMD-CWH at ECF No. 3. In another case, which was liberally construed as a § 2255 motion, Christian brought suit seeking $20,000,000 as relief. *See Christian v. USA*, 2:19-cv-02250-JAD at ECF No. 2. In *Christian v. United States of America*, Christian brought suit against various federal defendants seeking $26,030,000 in damages. *Christian v. United States*, 2:23-cv-01300-JAD-NJK at ECF No. 1. In other cases, Christian attempted to file habeas actions related to that same criminal case. *See, e.g., Christian v. Sheriff, et al.*, 2:17-cv-01518-JCM-CWH at ECF No. 1-1; *Christian v. Lombardo, et al.*, 2:17-cv-1707-RFB-DJA at 1-1. And yet in other cases, Christian attempts to initiate actions by filing writs of "execution" or "attachment," or in other cases "demands for judgment." Sometimes he files similar "writs" or "demands" as motions within his open case(s). *See Christian v. Honea, et al.*, 2:19-cv-00476-APG-VCF[8] (filing a motion for seizure of property, two motions for writs of execution, and two writs for attachment[9]); *Christian v. United States of America*, 2:23-cv-1300-JAD-NJK (filing requests for default judgment and writs of execution). The many motions he files after bringing the actions fail to articulate any coherent reason for why he should be entitled to the relief he seeks.

---

[6] *See United States of America v. Christian*, 2:09-cr-00303-JAD-VCF.

[7] Christian was convicted of two counts of threat through interstate communications in violation of 18 U.S.C. § 975(c). Christian appealed and, on April 17, 2014, the court of appeals vacated his convictions and remanded for a new trial. *United States v. Christian*, 749 F.3d 806 (9th Cir. 2014). The case was reassigned to a different judge. The case then went to trial a second time, and he was again convicted.

[8] In this action, he also sent a letter to the court titled "Your Lies, Stealing, Hostage Holding, The War Has Begun[.]" *Christian v. Honea, et al.*, 2:19-cv-00476-APG-VCF at ECF No. 19. The district judge cautioned Christian not to send letters to the court. *Id.* at ECF No. 20.

[9] The writ of execution, and his writs of attachment, demanding $25,254,000 and $5,000,000 respectively, were filed after the case was closed.

Christian's litigation history is extensive and frivolous. Having already established an adequate record for review, this also shows that Christian's "activities were numerous [and] abusive." *De Long*, 912 F.2d at 1147. Thus, the first factor of the *Safir* test weighs in favor of a finding of vexatiousness and harassment.

### 2. *Litigant's motive*

As to the second *Safir* factor, Christian's motives in pursuing the myriad litigation, and his expectations of prevailing, all stem from his arrest and ultimate conviction in his 2009 case in this District (the second conviction following his re-trial). Christian fails to file *in forma pauperis* applications or proper case initiating paperwork in almost every action he initiates. Then, after initiating an action, Christian repeatedly fails to file objections or otherwise respond to R&Rs that his cases be dismissed.

This court has given Christian every benefit of the doubt for over a decade. But Christian neither complies with court orders nor heeds the warning that continuing to engage in harassing or vexatious litigation tactics could result in consequences, such as the entry of a pre-filing order. After more than 10 years, with countless dismissals and warnings, Christian cannot reasonably expect to prevail in any of his suits. Thus, the second *Safir* factor has been met.[10]

### 3. *Whether the litigant is represented by counsel*

Christian is a pro se litigant in this case and in the over twenty others he has initiated in this district. Generally, courts are protective of pro se litigants' fundamental right to access the court. *De Long*, 912 F.2d at 1147 ("[W]e also recognize that such pre-filing orders should rarely be filed."). However, I find that this factor does not outweigh Christian's frivolous and abusive litigation tactics. A court is not to sit idly by in the face of a litigant who exhibits a pattern of abusive or frivolous litigation. *Reddy v. MedQuist, Inc.*, 2012 WL 6020010, at *8 (N.D. Cal. Dec. 3, 2012) ("[C]ourts are entitled to enjoin pro se litigants with 'abusive and lengthy' litigation histories.") (citing *De Long*, 912 F.2d at 1147).

---

[10] I note that I give the least weight to this *Safir* factor.

*4. Burden to the courts, their personnel, and unnecessary delay to the court*

As to the fourth factor, Christian has indeed caused unnecessary expense to the parties and placed a needless burden on the courts. In some instances, Christian's suits are abandoned, and in most, he fails to comply with court orders directing him to do certain things so the action can proceed. In all cases, he ignores court orders, and in some cases, he repeatedly disregards court orders—especially not to file motions after the case is closed. *See, e.g., Christian v. Lombardo, et al.*, 2:17-cv-01707 at ECF No. 44 (striking over a dozen motions for being filed after the case was closed (ECF Nos. 20; 21; 22; 25; 26; 27; 29; 30; 31; 34; 35; 41; 43)); *Christian v. United States of America*, 2:23-cv-01300-JAD-NJK (dismissing three motions for being filed after the case was closed (ECF Nos. 12, 14, 18)). In his criminal case alone, *United States of America v. Christian*, Christian has filed countless motions, notices, and requests, which are repeatedly stricken, all after he has been warned not to file documents after the case is closed. *See* Order, 2:09-cv-00303-JAD-VCF at ECF No. 20 (advising Christian **"may not file any more documents in this closed case except for a proper notice of appeal"** and **"[a]ny further filings in this case will be STRUCK without prior notice. and letters to the court, as well as left numerous ex parte voicemails."** (emphasis in original)). That order was issued in 2023, even though numerous filings had been previously stricken by the court.[11]

Moreover, Christian improperly, and repeatedly, calls the court and leaves voicemails, some of which are threatening in nature. *See, e.g., United States of America v. Eric Christian*, 2:09-cv-00303-JAD-VCF at ECF Nos. 305–13 (sealed). And, on August 20, 2024, Christian emailed members of this court, and the U.S. Attorney for the District of Nevada, stating the following:

> Dear Court:
>
> Stop playing games BITCHES!
>
> Attached is the Objection and Motion for Reconsideration that never received a served receipt or hearing.

---

[11] *See, e.g.*, ECF Nos. 31, 44 64, 78 79, 172, 173, 220, 221, 233, and 246.

1   The court is playing a game that globally has caused problems that costs the lives of dozens in your county already, opr do you remember the Mack Center shooting that happened while I was in custody.

2   You can't win, so stop playing games with cases that you already lost.

3   I want the answer to the Motion for Reconsideration TODAY!

4   Or what? you would ask in the land of the completely incompetent.

5   The answer is that I continue to wait until I get the wrong answer and you taxpayers pay me $,160,000,000, instead of $2,080,000,000.

6   Get the point?

7   I bet you don't. The delusions in your head make you think you can win.

8   You can't.

9   By the way, before you go trying to charge me again, remember, if I am in jail, I can't shoot anyone.

10  Eric Christian

Exhibit A, Excerpt of email, attached hereto. Christian persists in improperly filing documents and contacting the court, despite repeated warnings from the court to stop doing so for years. These endless, repetitive filings cause needless expense and pose an extraordinary, unnecessary burden, not just on the courts, but on their personnel.

    This court is duty-bound to read through each filing that comes before it. However, the magistrate judges of this district and clerks of the court often handle the important minutiae of ensuring that pro se filings conform with the federal and local rules. They are burdened by Christian's numerous cases, and the voluminous filings that accompany each, almost all of which he never intends to further prosecute. Christian has not shown any regard for the court's instructions, repeatedly ignoring multiple explicit instructions to abide by court orders, including not to file documents or motions after the case is closed. This causes needless expense and poses an extraordinary, unnecessary burden on the court and its staff. Accordingly, this factor also weighs in favor of a finding of vexatiousness.

### 5. *Breadth of the order*

The fifth *Safir* factor also supports a pre-filing order. Neither warnings nor court orders deter Christian. Because Christian has repeatedly failed to comply with the court's instructions, monetary sanctions are unlikely to deter him from filing future frivolous actions. Any pre-filing order must be narrowly tailored to the specific abusive practice at issue "to prevent infringement on the litigator's right of access to the courts." *De Long*, 912 F.2d at 1148 (internal quotation marks omitted). The court does not take lightly its inherent power to issue a pre-filing order. However, it appears that no other sanction would adequately protect the parties or the judicial system. I find a pre-filing restriction, drawn as narrowly as possible, is the only way to curtail Christian's behavior without unduly infringing upon his right of access to this court.

Upon consideration of these factors and the Ninth Circuit's five-factor test in *De Long*, I find a pre-filing vexatious litigant order is warranted and appropriate.

### D. Narrowly tailored order

A pre-filing order "must be narrowly tailored to closely fit the specific vice encountered." *Molski*, 500 F.3d at 1059. Here, the specific vices encountered are Christian's continued filing of pleadings that fail to include a complaint, fail to complete an IFP application, or fail to cite any points and authorities in support of the relief sought therein, all related to his belief he is entitled to a sum or money or tangible items as payment for the convictions he sustained as a result of his 2009 criminal conviction. However, a "pre-filing order likely is overbroad if it prevents the litigant from filing any suit in the Court or applies to a suit against anyone when the record showed plaintiff was litigious with respect to only one group of defendants." *Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1263 (D. Nev. 2011) (citing *Molski*, 500 F.3d at 1061).

Consequently, I must tailor an order narrower than a general restriction upon Christian from filing suit. Instead, a prohibition against Christian initiating an action pro se without first obtaining leave of court should serve to protect his right of access to the courts while also maintaining the efficacy of the judicial branch. Christian may, of course, still seek permission

11

from the Chief Judge of this District when he seeks to bring suit as a pro se litigant. He may also, with counsel, initiate litigation in this district without seeking leave. Practicing attorneys in the state of Nevada must follow rules of ethics that require them to bring proceedings only if "there is a basis in law and fact for doing so that is not frivolous." Nev. R. Prof. Cond. 3.1. Christian's non-frivolous claims in the future will thus still have access to the courts, whether he is represented by counsel and can file immediately or is proceeding pro se and required to file **after** obtaining leave from the Chief Judge of this District. The Clerk of this Court shall not accept any further complaints filed by Christian or on behalf of Christian[12] until that complaint has first been reviewed by the Chief Judge and is approved for filing.

### III. Conclusion

I find that Christian's repeated waste of court time and resources impedes the adjudication of other pending matters. Accordingly:

IT IS HEREBY ORDERED that Eric Christian (aka Eric Leon Christian) is a vexatious litigant and therefore enjoined and prohibited under 28 U.S.C. § 1651(a) from filing **any** complaint, petition, or other document in the United States District Court for the District of Nevada that relates to initiating new litigation as a pro se litigant without first obtaining pre-filing permission from the Chief Judge of this District.

IT IS FURTHER ORDERED that if Christian intends to file any pleadings or papers with this court that relate in any way to initiating new litigation as a pro se litigant, he must first comply with the following instructions:

    1. Christian must apply to the Chief Judge of this District for leave to file the initiating documents by submitting to the clerk's office an application bearing the title "Application to Chief District Judge Seeking Leave to File", which must be supported by a declaration from Christian, made under penalty of perjury, stating that (1) the matters

---

[12] Christian may, by and through counsel only, initiate litigation in this district without seeking leave.

asserted in the new complaint or papers have never been raised and disposed of on their merits by any court; (2) the claim or claims are not frivolous or made in bad faith; and (3) he has conducted a reasonable investigation of the facts and such investigation supports the claim or claims; and

    2. Christian must attach a copy of this order to any such application.

Failure to comply with this order will constitute sufficient grounds for denial of Christian's application.

IT IS FURTHER ORDERED that the Clerk of Court is authorized to reject, refuse to file, and discard any new complaint, petition, or document on a closed case, or any other litigation-initiating documents submitted pro se without prior compliance with this order.

IT IS FURTHER ORDERED that I adopt Judge Weksler's report and recommendation [ECF No. 19] in part, recommending that I dismiss this action for failing to file a complaint. However, because I find Christian is vexatious, I dismiss this action with prejudice.

The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: August 21, 2024

                                      _____
                                      Cristina D. Silva
                                      United States District Judge